# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MIKE CASTILLO,

    Plaintiff

v.

GEICO CASUALTY COMPANY,

    Defendant

Case No.: 2:19-cv-1259-APG-VCF

**Order (1) Granting in Part Motion to Dismiss, (2) Denying Motion to Bifurcate, and (3) Granting Leave to Amend**

[ECF Nos. 6, 7]

Plaintiff Mike Castillo sues his insurer, defendant GEICO Casualty Company (GEICO), following a car accident in which he was injured. Castillo believes the at-fault driver's $15,000 insurance policy was insufficient to cover his injuries, so he submitted a claim with GEICO for underinsured motorist (UIM) coverage. ECF No. 1-1 at 5. Castillo alleges he incurred approximately $79,000 in medical bills and that he provided GEICO with a medical opinion that he would need an additional $70,000 in future treatment on his knee. *Id.* at 5-6. Castillo submitted to an independent medical exam, and that doctor "concluded that there was no injury sustained as a result" of the car accident. *Id.* at 6. Based on these allegations, Castillo asserts claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and unfair claims handling practices.

GEICO moves to dismiss, arguing that the facts alleged in the complaint show only a dispute as to the value of Castillo's claim and do not plausibly allege either bad faith or unfair practices. GEICO also moves to dismiss Castillo's bad faith claim as premature until the breach of contract claim is resolved. Alternatively, GEICO moves to bifurcate and stay discovery and trial on the bad faith claim until after the breach of contract dispute is resolved.

Castillo responds that the court must first establish subject matter jurisdiction before it can rule on GEICO's motion. On the merits, Castillo argues that he has adequately alleged GEICO did not explain the basis for its denial and required him to submit to an independent medical exam. Finally, Castillo argues his bad faith claim is not premature and should not be bifurcated because it is intertwined with his breach of contract claim.

I grant GEICO's motion to dismiss Castillo's claims for bad faith and unfair practices, with leave to amend. I deny GEICO's motion to bifurcate and stay.

**I. ANALYSIS**

    **A. Subject Matter Jurisdiction**

Castillo argues I must first determine subject matter jurisdiction before ruling on GEICO's motion. GEICO replies that it properly removed this action based on diversity jurisdiction.

Federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332. Castillo does not suggest any defect in jurisdiction, and I find none. GEICO set forth in its removal petition that the parties are diverse because GEICO is a Maryland corporation with its principal place of business in Maryland and Castillo is a resident of Nevada. ECF No. 1 at 3. Castillo does not dispute either of these facts. GEICO also set forth in its petition that Castillo claims approximately $64,000 in medical specials on his UIM claim, plus future treatment and extra-contractual damages. *Id.* at 3-4. Castillo does not dispute these figures and confirms in his opposition that he is seeking well beyond the jurisdictional amount. *See* ECF No. 10 at 2-3. I therefore have subject matter jurisdiction in this action.

**B. Motion to Dismiss**

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

*1. Bad Faith*

Under Nevada law, an insurer breaches the duty of good faith when it refuses "without proper cause to compensate its insured for a loss covered by the policy." *U.S. Fid. & Guar. Co. v. Peterson*, 540 P.2d 1070, 1071 (Nev. 1975). An insurer is without proper cause to deny a claim when it has an "actual or implied awareness" that no reasonable basis exists to deny the claim. *Am. Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 729 P.2d 1352, 1354 (Nev. 1986). An unreasonable delay in payment can also constitute bad faith. *Guar. Nat. Ins. Co. v. Potter*, 912 P.2d 267, 272 (Nev. 1996) ("[T]his court has addressed an insurer's breach of the implied covenant of good faith and fair dealing as the unreasonable denial or delay of payment of a valid claim"). However, an "insurer does not act in bad faith merely because it disagrees with the claimant's estimation of his injuries or delays paying out benefits until it receives relevant documents or expert opinions." *Igartua v. Mid-Century Ins. Co.*, 262 F. Supp. 3d 1050, 1055 (D. Nev. 2017) (holding the insurer acted reasonably in handling an insured's claim, despite delaying

3

payment several years, because there was a reasonable dispute about the extent of the insured's injuries and whether those injuries were caused by the accident).

GEICO argues that Castillo's bad faith claim is premature because his breach of contract claim must be resolved first. But a plaintiff does not need to establish success on a contractual claim before proceeding with a bad faith claim. *Aiello v. Geico Gen. Ins. Co.*, 379 F. Supp. 3d 1123, 1129 (D. Nev. 2019). To find otherwise would require a plaintiff to commence two separate lawsuits even if the facts establish that the insurer "breached the insurance contract and acted in bad faith within the same factual sequence." *Drennan v. Maryland Cas. Co.*, 366 F. Supp. 2d 1002, 1007 (D. Nev. 2005). I therefore deny GEICO's motion to dismiss on this basis.

However, I grant GEICO's motion to dismiss the bad faith claim for failure to state a claim because Castillo's complaint lacks factual allegations that GEICO denied coverage with an actual or implied awareness that there was no reasonable basis supporting its decision. Castillo contends GEICO denied his claim without explanation, but the complaint alleges that the doctor who conducted the independent medical exam concluded Castillo's injuries were not causally related to the accident. Absent some other allegations, it is unclear what Castillo is contending GEICO failed to explain or how GEICO acted with an actual or implied awareness that it lacked a reasonable basis to rely on the doctor's opinion. I therefore dismiss this claim, with leave to amend because it is not clear that amendment would be futile. *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1118 (9th Cir. 2013) ("As a general rule, [d]ismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment.") (quotation omitted).

/ / / /

/ / / /

*2. Unfair Practices*

Under Nevada Revised Statutes § 686A.310, an insurer is liable for damages if it engages in any of the various enumerated acts. In both his complaint and in his response to GEICO's motion, Castillo merely lists various subsections of the statute and quotes the statutory language. Castillo fails to allege facts plausibly showing a violation of any statutory section. I therefore dismiss this claim, with leave to amend because it is not clear that amendment would be futile. *Sonoma Cty. Ass'n of Retired Emps.*, 708 F.3d at 1118.

**C. Bifurcate or Stay**

Federal Rule of Civil Procedure 42(b) authorizes courts to order a separate trial of any claim when separation is in the interest of judicial economy, will further the parties' convenience, or will prevent undue prejudice. Fed. R. Civ. P. 42(b). The decision to bifurcate is within the court's discretion. *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982). Bifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case. *Drennan*, 366 F. Supp. 2d at 1007. "However, bifurcation of the trial does not necessarily require bifurcation of discovery." *Id.*

If Castillo amends his complaint to plausibly assert a bad faith claim, there would be no reason to bifurcate or stay that claim at this stage. I cannot evaluate bifurcation without a better understanding of the factual predicate for Castillo's bad faith claim following amendment. That being said, I have regularly denied early motions to bifurcate in similar cases. *See, e.g.*, *Aiello v. Geico Gen. Ins. Co.*, 379 F. Supp. 3d 1123, 1129 (D. Nev. 2019); *Rosas v. GEICO Cas. Co.*, 365 F. Supp. 3d 1123, 1128 (D. Nev. 2019). If Castillo is able to allege facts supporting a bad faith claim, it is likely his contractual and extra-contractual claims will be intertwined such that

bifurcation, at least at the early stages of the case, would not be appropriate. I therefore deny GEICO's motion to bifurcate and stay.

## II. CONCLUSION

I THEREFORE ORDER that defendant GEICO Casualty Company's motion to dismiss **(ECF No. 6) is GRANTED in part**. Plaintiff Mike Castillo's claims for bad faith and unfair practices are dismissed without prejudice.

I FURTHER ORDER that plaintiff Mike Castillo may file an amended complaint by April 10, 2020.

I FURTHER ORDER that defendant GEICO Casualty Company's motion to bifurcate and stay **(ECF No. 7) is DENIED**.

DATED this 19th day of March, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE